**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 21, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MALACHI Z. YORK, a/k/a DWIGHT
YORK,

      Plaintiff-Appellant,

v.

FEDERAL BUREAU OF PRISONS;
MAUREEN CRUZ, former Associate
Warden; JACK FOX, Associate
Warden; BRIAN A. BLEDSOE,
Warden; L. MCDERMOTT, Health
Services Specialist; S. SMITH,
SIS Technician; S. NAFZIGER, MD,
Clinical Director; C.W. WELCH,
Physician Assistant; MICHAEL
NALLEY, Regional Director;
D. SCHIEFELBEIN, Physician's
Assistant; J. T. SHARTLE, former
Associate Warden; RON WILEY,
Warden; HERMAN O. LYLE, MD,
Consultant Internist; IVAN NEGRON,
MD, Medical Director; RATAEL
ROMAN, MD, Clinical Director;
RAIEZ, Health Administrator;
G. HICKS, Physician Assistant;
J.F. CASTILLO, Physician Assistant;
RICK STALLKAMP, Pharmacist;
LAWRENCE LEYBA, D.O., Clinical
Director; M. MILLER, Physician
Assistant; A. VINYARD, Physician
Assistant; Y. FETTERHOFF, Imaging
Techniques Specialist; M. SWANN,
Practitioner Assistant, each in his/her
individual and official capacities.

      Defendants-Appellees.

Nos. 09-1283 & 09-1284
(D.C. No. 1:07-CV-01297-PAB-KLM)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before **BRISCOE**, Chief Judge, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Appellant Malachi Z. York, a federal prisoner in the Administrative Maximum Prison (ADX) in Florence, Colorado, filed a complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that the Federal Bureau of Prisons violated his constitutional rights. Specifically, he alleged that his confinement at ADX violated the Fifth Amendment and that the medical care he has received violated the Eighth Amendment. The district court referred the matter to a magistrate judge, who recommended summary judgment in favor of the Federal Bureau of Prisons because Mr. York had failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a). The district court adopted the magistrate judge's report and dismissed Mr. York's complaint without prejudice. Mr. York, proceeding *pro*

---

[*] After examining appellant's briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*se*, appeals from the district court's order. Because we agree that Mr. York failed to exhaust his administrative remedies, we affirm.[1]

* * *

Before addressing the merits of Mr. York's appeal, we must resolve an outstanding request to intervene on appeal. The notices of appeal in these consolidated cases include United Nuwaupians Worldwide as an appellant, and the notice of appeal in case No. 09-1284 lists Paralegal Professional Inc. and Yamassee as additional appellants. Because Mr. York was the only party-plaintiff in the district court, we ordered these putative appellants to file a jurisdictional brief addressing their standing to appeal. *See Marino v. Ortiz*, 484 U.S. 301, 304 (1988) ("The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment is well-settled.").

Having considered that submission, we construe it as a motion to intervene pursuant to Fed. R. Civ. P. 24, and we deny the request to intervene. The putative appellants never sought to intervene before appeal. "[O]nly in an exceptional case for imperative reasons," may a court of appeals "permit intervention where none was sought in the district court." *Hutchinson v. Pfeil*, 211 F.3d 515, 519

---

[1] The district court also dismissed Mr. York's claims against a number of individual officers at ADX because Mr. York failed to serve his complaint on these individual defendants. *See* Fed. R. Civ. P. 4(m). Mr. York has not adequately challenged that aspect of the district court's order, and thus we need not address the issue.

(10th Cir. 2000) (internal quotation marks omitted).  And nothing in the putative appellants' submission to this court provides any imperative reason to justify their intervention on appeal.

\*   \*   \*

Turning to the merits, we review the district court's grant of summary judgment *de novo*, applying the same standards as the district court.  *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).  Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).  And under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted."

Applying those standards, we find no reason to disagree with the thoughtful analysis of the magistrate judge and district court.[2]  The undisputed evidence clearly demonstrates that Mr. York has failed to exhaust his administrative remedies.  Mr. York presents two arguments seeking to avoid this conclusion, but he raised neither before the magistrate judge and thus both are waived.  *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).  And even if these arguments weren't waived, they would be unavailing.  First, Mr. York

---

[2]   Because Mr. York's filings in this court were prepared *pro se*, we afford them a "solicitous construction."  *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

argues that § 1997e does not require exhaustion of administrative remedies when a prisoner seeks monetary damages. But the Supreme Court has expressly held otherwise. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). Second, Mr. York argues that he attempted to exhaust his administrative remedies but was prevented from doing so. He has pointed, however, to no evidence to support this assertion.

\* \* \*

For these reasons, we deny the motion to intervene brought by United Nuwaupians Worldwide, Paralegal Professional Inc., and Yamassee, and we affirm the district court's dismissal of Mr. York's claims.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge